George E. NELSON, Respondent,

and Randall D. B. Tigue, Respondent,

Willard B. Crowley, Jr., Respondent,

Gary Phleger, Respondent,

Earle Anderson, Respondent,

David Knutson, Respondent,

Michael De Moss, Defendant,

Donald Hillstrom, Respondent,

v.

Albert H. QUIE, Governor of the State of Minnesota, Appellant, (51733)

The County of Hennepin, by George Hickey, Supervisor of Elections for the County of Hennepin, Appellant. (51733, 51820).

Nos. 51733, 51820.

Supreme Court of Minnesota.

Oct. 6, 1980.

Rehearing Denied Dec. 15, 1980.

Warren Spannaus, Atty. Gen., St. Paul, for appellant Quie.

Thomas Johnson, County Atty., Minneapolis, for County of Hennepin et al.·

George E. Nelson, pro se.

Randall D. B. Tigue, pro se.

Benjamin Houge, pro se.

Gary Phleger, pro se.

Earle Anderson, pro se.

David Knutson, pro se.

Donald Hillstrom, pro se.

SHERAN, Chief Justice.

Appeal from an order and judgment of the District Court of Hennepin County.

The issue raised by the appeal is whether the Governor of the State of Minnesota has authority to appoint a successor to the Honorable Herbert E. Wolner, whose retirement as Judge of the Municipal Court of Hennepin County becomes effective October 31, 1980. We are agreed that the issue must be decided on the merits and promptly.

Minn. Const. art. VI, § 8 provides:

*Vacancy.* Whenever there is a vacancy in the office of judge the governor shall appoint in the manner provided by law a qualified person to fill the vacancy until a successor is elected and qualified. The successor shall be elected for a six year term at the next general election occurring more than one year after the appointment.

The language of Minn. Stat. § 488A.021, subd. 3(b) (1978) is substantially the same.

It is the unanimous opinion and judgment of this court that the retirement of Judge Wolner creates a "vacancy in the office of judge" within the meaning of Minn. Const. art. VI, § 8 as of October 31, 1980; that the appointment of a qualified person to fill the vacancy has become the constitutional duty of the Governor; and that the person so appointed will serve until a successor is elected and qualified following the general election in 1982.

It follows that there is no occasion to vote for candidates for this office at the general election to be held on November 4, 1980.

To the extent that phrases appearing in *State ex rel. Hennepin County Bar Ass'n v. Amdahl,* 264 Minn. 350, 119 N.W.2d 169 (1962) have caused confusion as to what would otherwise be the clear application of Minn. Const. art. VI, § 8 to the case before us, the dictum is rejected.

Insofar as the decision of the trial court is consistent with these views, it is affirmed and, insofar as otherwise, it is reversed. The judgment heretofore entered is vacated with directions that judgment be entered in accordance with this opinion.

### ORDER

The petition for reargument in the above-entitled matter is denied.

For the record, it may be noted that the claim asserted on behalf of respondents that the interpretation of the relevant provision of the Minnesota Constitution urged by appellants and adopted by the court would serve to deny respondents of rights secured by the Federal Constitution was considered and rejected as being without merit.