*930 BEAM, Circuit Judge, with whom Judge SMITH joins,
concurring in part, dissenting in part, concurring in the result, and announcing the judgment of the court in part.
I concur in the court’s conclusion that this court has no subject matter jurisdiction under the Rooker-Feldman doctrine for claims challenging the constitutionality of Minnesota Constitution Article VI, Section 8 and Minnesota Statute § 204B.36, subdivision 5 (incumbency designation). I dissent from application of the Rooker-Feldman doctrine to the Minnesota Statute § 490.125 (mandating retirement age for judges) claim. But, because under established precedent the retirement-age claim is otherwise unreviewable or without merit, I would dismiss it sua sponte using reasoning inherent within Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6).
After filing the district court complaint, the plaintiffs’ sought a preliminary injunction under Federal Rule of Civil Procedure 65(a) based upon its Article VI, Section 8 and § 204B.36 allegations. The district court ruling was limited to these two demands. And, this interlocutory appeal, see 28 U.S.C. § 1292, advances only the district court’s refusal to issue a preliminary injunction based exclusively upon these two averments. The district court refused to rule on defendants’ subject matter jurisdiction defense which asserted Rooker-Feldman principles.
There is no indication that the mandatory retirement of judges issue, with its attendant Fourteenth Amendment (equal protection) and Age Discrimination in Employment Act (ADEA) allegations, was ever raised in Clark I or Clark II or discussed in the district court. Neither is there any indication that any judge, judicial candidate or voter involved in this dispute was ever in any way directly affected by Minnesota Statute § 490.125.
In fact, defendants, in their memorandum of law in support of their motion to dismiss, concede that the § 490.125 “issue was not raised in Clark I or Clark II.” Thus, under the limiting gloss now placed upon Rooker-Feldman by the Supreme Court, see Exxon Mobil Corp. v. Saudi Basic Industries, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), it is difficult, if not impossible, to see any connection whatever between Rooker-Feldman, Clark I and Clark II and the judicial retirement statute advanced by plaintiffs. Accordingly, the doctrine cannot be used to separate this claim from the subject matter jurisdiction of either the district court or this court.
Upon being directly addressed by the court, however, the retirement claim is easily disposed of. A federal court has jurisdiction to consider its own subject matter jurisdiction. Moussa v. INS, 302 F.3d 823, 825 (8th Cir.2002). Thus, properly analyzed in this context, one can see that the absence of a directly interested party eliminates the standing necessary to advance the retirement age dispute given the case-or-controversy requirement of Article III, Section 2 of the United States Constitution. Such standing determination is, however, wholly unrelated to the Rooker-Feldman doctrine. Likewise, even assuming jurisdiction, the ADEA and the equal protection allegations fail to state a claim under Gregory v. Ashcroft, 501 U.S. 452, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991); and the retiree-appointment dispute is defeated by Nelson v. Quie, 299 N.W.2d 119 (Minn.1980).
Accordingly, I concur in the result reached by the court subject to the limitations set forth above.